UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUPERMEDIA LLC f/k/a IDEARC
MEDIA LLC, a foreign corporation,

    Plaintiff,

v.                                   Case No. 8:11-cv-02328-T-17EAJ

KANTARAS & ANDREOPOULOS, a
Florida corporation, K. DEAN
KANTARAS, P.A., a Florida
corporation, and LAW OFFICE OF
JOHN D. ANDREOPOULOS, P.A., a
Florida corporation,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants', Kantaras & Andreopoulos, K. Dean Kantaras, P.A., and the Law Office of John D. Andreopoulos, P.A., Motion to Dismiss (Dkt. 5), and Plaintiff Supermedia LLC's response thereto (Dkt. 6). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED IN PART** as to Count II against Defendant Kantaras & Andreopoulos, and **DENIED IN PART** in all other respects. The following facts, gleaned from Plaintiff's Complaint (Dkt. 1) and the exhibits appended thereto, are taken as true for purposes of this motion.

1

## BACKGROUND

Plaintiff Supermedia LLC (hereinafter "Plaintiff" or "Supermedia")[1] is a national advertising agency and "the official publisher of Verizon Yellow Pages and other print and on-line telephone directories." (Dkt. 1, at ¶ 7). Supermedia alleges that it entered into contracts with Kantaras & Andreopoulos (hereinafter "K&A"), K. Dean Kantaras, P.A. (hereinafter "Kantaras"), and the Law Office of John D. Andreopoulos, P.A. (hereinafter "Andreopoulos") in which Supermedia agreed to publish Defendants' advertisements in its telephone directories in return for Defendants' payment of an agreed-upon price. (Dkt. 1, at ¶¶ 9–10). The instant dispute arises from Defendants' alleged failure to pay Supermedia pursuant to their agreement(s).

Various documents are attached as exhibits to the Complaint. (Dkt. 1, Exs. A, B). These include several "Application[s] For Directory Advertising" and an "Advertising Agreement," each of which is signed by Andreopoulos. (Dkt. 1, Ex. A). In the area for "Title" adjacent to the various signature blocks, "Partner" or "Ptnr" are written. The "Business Name" provided at the top of the applications is listed as "Kantaras; [sic] & Andreopoulos" or "Kantaras & Andreopoulos," and the "Contact Name" is listed as "K. Dean Kantaras" or "John Andreopoulos." (Dkt. 1, Ex. A). Supermedia billed Defendants in monthly installments for the advertising services, and provides four billing statements in support of its claims: one for $107,725.80 on the account of "Law Office of John D. Andreopoulos," one for $216,008.49 on the account of "Dean K. Kantaras PA," one for $8,117.30 on the account of "Kantaras & Andreopoulos Attorneys at Law," and one for $5,358.22 on the account of "K Dean Kantaras PA." (Dkt. 1, Exs. C, D, E, F). Thus, Plaintiff claims the total amount due and owing on

---

[1] Supermedia was known as "Idearc Media, LLC" (hereinafter "Idearc") before it petitioned for Chapter 11 bankruptcy in 2009. For clarity and ease of analysis, this Order refers to the entity as Supermedia, even when referring to the prepetition period.

2

Defendants' various accounts is $337,209.81, excluding late fees, interest, and attorneys' fees. (Dkt. 1, at ¶ 12).

In Count I of the Complaint, Plaintiff argues that Defendants "breached the contracts with Plaintiff by failing to fully pay for the advertising services rendered by Plaintiff." (Dkt. 1, at ¶ 20). In Count II of the Complaint, which is styled as sounding in "Quantum Meruit," Supermedia essentially argues that Defendants "have accepted and retained the benefit of Plaintiff's advertising services without paying fair value for said services and thus have been unjustly enriched." (Dkt. 1, at ¶ 25). Count III is an open account claim for the $337,209.81 outstanding. (Dkt. 1, at ¶¶ 26–27). Finally, Count IV sets forth a claim for account stated: Supermedia alleges that it had business transactions with Defendants, that Defendants agreed to a resulting balance for advertising services, and that Defendants did not object to the statements Plaintiff rendered upon them. (Dkt. 1, at ¶¶ 29–31). Supermedia prays for the same relief in all four counts: $337,209.81 in compensatory damages plus late fees, interest, costs, and attorneys' fees. (Dkt. 1, at ¶¶ 21, 25, 27, 31).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a plaintiff's complaint lay out "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555 (2007) (internal quotation marks and citation omitted).

Therefore, "to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss, courts must follow a simple, two-pronged approach: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). In sum, the "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Bearing those principles in mind, the Court turns to Defendants' instant Motion to Dismiss.

## DISCUSSION

Defendants move to dismiss upon five separate grounds, each of which is unavailing. First, Defendants claim that Supermedia cannot pursue its claims because it failed to give notice of the assignment of Defendants' debt as required by section 559.715 of the Florida Statutes. Second, Defendants claim that Supermedia is statutorily barred from enforcing its debt in court because it failed to pay a "documentary stamp tax" upon the assignment of the debt pursuant to section 201.08 of the Florida Statutes. Third, Defendants claim that Count I of Supermedia's complaint must be dismissed as to Defendants K. Dean Kantaras, P.A. and the Law Office of John D. Andreopoulos, P.A. because Supermedia has failed to attach a contract between itself and those named defendants. Fourth, Defendants urge that Count II of the Complaint must be dismissed because, as a quantum meruit claim sounding in equity, it is fundamentally inconsistent with Count I, which, as an action at law for breach of contract, presupposes the

existence of a valid contract. Finally, Defendants claim that Counts III and IV for open account and account stated must be dismissed because Supermedia requests the same amount from all Defendants despite its submission of billing statements reflecting different amounts due from each individual named defendant. The Court examines each argument in turn.

### 1. Florida Statute Section 559.715

Defendants first argue that, because "the party whom [sic] allegedly contracted with the Defendants . . . is Idearc Media," not Superpages, Superpages occupies the role of an assignee subject to the provisions of section 559.715 of the Florida Statutes. (Dkt. 5, at 3). Section 559.715 does require, as Defendants point out, that a debtor be notified in writing within 30 days of the assignment of certain debts. Section 559.715, however, is part and parcel of the "Florida Consumer Collection Practices Act," Fla. Stat. §§ 559.55–559.785 (2011), and only applies to *consumer* debts. (Dkt. 5, at 3); *see* Fla. Stat. § 559.715. A "debt" or "consumer debt" under the statute is defined as "any obligation or alleged obligation of a consumer to pay money arising out of the transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." Fla. Stat. § 559.55(1). The alleged debts here stem from Defendants' advertisements regarding their law practice, and do not in any way stem from a transaction conducted for "personal, family, or household purposes." *Id.* Indeed, far from being consumer debts, the debts at issue in this case are the quintessential examples of commercial debts; they are, after all, for express purpose of marketing Defendants' business(es). This Court accordingly rejects Defendants' argument that section 559.715 somehow invalidates their alleged obligations to Supermedia as not only lacking in merit, but in fact verging on frivolity.

## 2. Florida Statute Section 201.08

Section 201.08 of the Florida Statutes is similarly inapposite to the case at bar. Defendants correctly note that section 201.08 requires the payment of a tax on all "promissory notes, nonnegotiable notes, written obligations to pay money, or assignments of salaries, wages, or other compensation made . . . transferred, or assigned" in Florida. Fla. Stat. § 201.08. The alleged debts in this case are payments owed for services rendered—namely, advertising services. Accordingly, "the statute in question is simply not applicable." *Wometco Enters., Inc. v. Frank*, 382 So. 2d 832, 833 (Fla. Dist. Ct. App. 1980) (rejecting trial court determination that section 201.08 required a stamp tax to be paid in action by lessor of advertising billboard to collect balance due, and noting that contracts for advertising services are not the "unconditional promises to pay" contemplated by the statute); *see State Dep't of Revenue v. Peterson Outdoor Adver. Co.*, 296 So. 2d 120, 121 (Fla. Dist. Ct. App. 1974) (holding that contract for outdoor advertising was not subject to stamp tax under section 201.08 because "[t]he contract . . . does not contain an unconditional promise to pay" and is not "of the same class as a promissory note or non-negotiable note"). Thus, there is no doubt that the contracts and Defendants' promises to pay Supermedia for advertising services are outside the reach of section 201.08. Moreover, the Court finds equally unavailing Defendants' argument that Idearc's bankruptcy petition and subsequent reorganization as Supermedia brings these debts within the ambit of the statute. The factual posture of this case simply renders it beyond the reach of section 201.08, and Defendants' second argument for dismissal accordingly fails.

## 3. Failure to Attach Specific Contracts

Defendants next move to dismiss because "Plaintiff's claim for breach of contract in Count I fails to identify any contract attached to the Complaint and which is by and between

Plaintiff and any predecessor, [sic] and the Defendants K. Dean Kantaras, P.A. and the Law Office of John D. Andreopoulos, P.A." (Dkt. 5, at 5). There is, of course, one glaring problem with Defendants' contention: "Defendants did not present this Court with any caselaw or other authority to support the proposition that when a complaint alleges claims for breach of express contract it should be dismissed or found insufficient if the plaintiff fails to attach the purported written contracts to the complaint." *Manicini Enters., Inc. v. Am. Exp. Co.*, 236 F.R.D. 695, 698 (S.D. Fla. 2006).

Moreover, Supermedia has adduced *some* evidence of a contractual relationship between itself and each named defendant; in fact, it has provided a purported account statement for $107,725.80 billable to "Law Office of John D. Andreopoulos," another for $216,008.49 billable to "Dean K. Kantaras PA," another for $8,117.30 billable to "Kantaras & Andreopoulos Attorneys at Law," and yet another for $5,358.22 billable to "K Dean Kantaras PA." (Dkt. 1, Exs. C, D, E, F). Thus, and at this early juncture of the proceedings, it seems plain that Plaintiff's Complaint sets forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 570). True enough, the intricacies of the contractual relationships underlying Plaintiff's claim are not yet entirely clear, but the sorting out of such details is the very stuff for which the process of discovery was intended. From the Complaint and its addenda, and assuming the veracity of Supermedia's allegations (as this Court must), it would appear that Defendants have not paid the bill for their law firm's advertising services. Therefore, if Plaintiff can prove the factual basis for its claims, it will prevail. That is all that is needed to defeat Defendants' Motion to Dismiss. Insofar as Defendants argue to the contrary, they are wrong. *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633-CIV, 2008 WL 660100, at *2 (S.D. Fla. Mar. 7, 2008)

("Contrary to Defendants' contentions, when alleging a breach of contract, a plaintiff is not required to attach the subject contract to the complaint in order to state a claim."). Should it later be discovered that Plaintiff joined one of the Defendants in bad faith or without a reasonable evidentiary basis, the courthouse door is always open in the event that Defendants wish to file a Rule 11 motion for sanctions. *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (noting that Rule 11 sanctions are available in this circuit "when a party files a pleading that has no reasonable factual basis").

### 4. Quantum Meruit Claim

Defendants next contend that Count I fails to state a cause of action because a claim for unjust enrichment cannot exist where an express contractual relationship is pleaded. Defendant is correct that "Florida law does not generally permit a party to pursue a cause of action on an express contract at the same time as he pursues a cause of action for unjust enrichment." *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1316 (M.D. Fla. 2000). Thus, Supermedia will not be able to ultimately recover on both its breach of contract (Count I) and quantum meruit (Count II) claims. That said, "it is well-settled in this Circuit that breach of contract and unjust enrichment may be pled in the alternative." *Donnelly v. Circuit City Stores, Inc.*, No. 506-CV-387-OC-10GRJ, 2007 WL 896337, at *3 (M.D. Fla. Mar. 22, 2007); *see* Fed. R. Civ. P. 8(a)(3) (permitting a pleading to "include relief in the alternative or different types of relief"); *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997).

Defendants vigorously refute the existence of any contractual relationship between Supermedia and either Andreopoulos or Kantaras, but do not appear to contest the existence of a written contract between Supermedia and K&A. (Dkt. 5, at 5). Because the existence of a contract between Supermedia and Andreopoulos or Kantaras is still in dispute, Defendants'

Motion to Dismiss Count II as to Defendant Andreopoulos and Defendant Kantaras is easily rejected. *ThunderWave*, 954 F. Supp. at 1566 (holding "that because Defendant denies the existence of an express contract, the Plaintiff has properly presented the claim for unjust enrichment"). After all, "in a case such as this, alternate pleading allows for a plaintiff's case to proceed in the face of uncertainty as to the existence of a contract or, perhaps, uncertainty as to whether the particular issue at hand falls within the ambit of a contract that otherwise exists between the parties." *Donnelly*, 2007 WL 896337, at *3. However, and because Defendants do not contest the existence of a written agreement with regard to Defendant K&A, the Court will grant Defendants' Motion to Dismiss Count II with regard to K&A.[2] *Rushing v. Wells Fargo Bank, N.A.*, 752 F. Supp. 2d 1254, 1265 (M.D. Fla. 2010) (dismissing unjust enrichment claim where the parties "were governed by an express contract covering the same subject matter as the unjust enrichment claim" and the contract was attached to the plaintiff's complaint). In dismissing this Count as to K&A, the Court notes one caveat: should Defendants later deny the existence of K&A's purported contract with Supermedia, the Court will permit Plaintiff leave to amend its complaint to again allege a claim of unjust enrichment as to K&A.

### 5. Failure to State a Claim as to Counts III and IV

Finally, Defendants move to dismiss Counts III and IV because, though the statements attached to the Complaint allege a different amount owed to different defendants, "Plaintiff seeks to collect the total balance of its statements from each of the Defendants, jointly and separately." (Dkt. 5, at 7). This argument essentially speaks to the question of damages. As outlined above, *supra* Part 3, resolving the subtleties of Defendants' business relationship with Supermedia at this stage of the litigation would be premature, and the Court again declines Defendants'

---

[2] This should come as no surprise to Plaintiff, who actually "agrees to dismiss Count II as to Defendant K&A" in its Response to Defendants' Motion to Dismiss. (Dkt. 6, at 6).

invitation to do so. The exact amount owed, and to whom it is owed, are questions best left for the summary judgment stage or, better yet, for trial. And though how much each Defendant must pay in the event Plaintiff prevails may ultimately prove to be a weighty issue requiring a great deal of this Court's attention, such questions are—simply put—beyond the pale of whether Plaintiff has stated a claim upon which relief can be granted for purposes of the instant Rule 12(b)(6) motion to dismiss. Defendants are free to wage another attack on this flank at a later date, but at present their motion is denied. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 5) be **GRANTED IN PART** as to Count II against Defendant Kantaras & Andreopoulos only and **DENIED IN PART** in all other respects. The Defendants have ten (10) days from this date to answer the complaint.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 15th of March, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.